UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK GANGI, FERROUS MINER HOLDINGS, LTD., BABP VI, LLC, AND GLOBAL NAPS, INC.,     Petitioners, v. UNITED STATES OF AMERICA,     Respondents. | Civil Action No.: 10-0024(GEB) MEMORANDUM OPINION |

**ARPERT, U.S.M.J.**

**I.    INTRODUCTION**

This matter comes before the Court on the separate Petitions of Frank Gangi ("Mr. Gangi"), Ferrous Miner Holdings, Ltd., BABP VI, LLC, and Global Naps, Inc. (collectively, "Petitioners") to Quash the Summonses ("Summonses") served on third parties CitiBank and Sovereign Bank by Internal Revenue Agent Jackie Moss ("Agent Moss") [dkt. entry nos.1 & 5]. In response, the United States filed a Motion to Enforce [dkt. entry no. 4]. The Court has reviewed the written submissions of the parties and conducted oral argument on July 26, 2010. For the reasons that follow, the Petitions to Quash are denied and the Motion to Enforce the Summonses is granted.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

    *A.    Factual Background*

The present matter arises from two administrative Summonses issued by the Internal Revenue Service. Pursuant to 26 U.S.C. § 7609(h) jurisdiction is conferred upon the District

1

Court for the district in which the person to whom an administrative summons issued by the IRS is directed, resides or is found to hear and determine any proceeding to quash the Summons. Notwithstanding that the IRS sent its Summonses to Citi Bank and Sovereign Bank to South Dakota and Massachusetts, respectively, each is a banking institution with locations throughout the State of New Jersey. A physical presence, including a branch office of a summoned party, is sufficient for that party to be considered "found" within this district. *See, e.g.*, *Pilchesky v. United States*, 2008 U.S. Dist. LEXIS 75170, *4-*7, 2008-2 U.S. Tax Cas. (CCH) P50, 629 (M.D. Pa. Sept. 29, 2008); *Hopkins v. IRS*, Civ. No. 07-262, 2008 U.S. Dist. LEXIS 45510, *10 (D.N.M. March 28, 2008). The Court also has jurisdiction pursuant to 28 U.S.C. § 1340 which confers upon this Court "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."

  In 1921 Congress created a new system of taxation in which United States Virgin Islands ("USVI") residents pay tax to the Virgin Islands Bureau of Internal Revenue ("BIR") rather than to the United States Internal Revenue Service ("IRS"). The purpose of this system is to facilitate the economic development of the USVI and assist the Islands in becoming self-supporting. *HMW Indus., Inc. v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974). To facilitate the coordination of income taxation between the United States and the USVI, Congress enacted 26 U.S.C. § 932 which draws a clear distinction between individuals who are *bona fide* Virgin Islands residents and those who are not. A United States resident who receives income from the USVI but who is not a *bona fide* USVI resident, must file two tax returns, one with the US and the other with the USVI. *See* I.R.C. 932(a). Whereas, a *bona fide* resident of the USVI is relieved of any income

tax liability to the United States and is only required to file a return with the USVI. *See* I.R.C. §932(c).

In December 2004, the IRS initiated an audit of Mr. Gangi to determine whether he was a *bona fide* USVI resident for the 2000- 2004 tax years. (Pet'rs' Br. at 4). Six years after the IRS's audit, Agent Moss issued Summonses to CitiBank and Sovereign Bank and Petitioners timely moved to quash the CitiBank Summons, to which the IRS responded by moving to enforce the Summonses. *Id.* at 5. The Summonses direct the recipients to produce all documents and records in their possession or under their control relating to Petitioners for the period December 31, 1999 to December 31, 2004.

### B. *Petitioners' Arguments in Support of the Petition to Quash*

Petitioners argue that the Petitions to Quash should be granted because: (1) the IRS has not established that the Summonses were issued for a proper purpose, (2) the information sought is not relevant to that purpose and, (3) the government has not complied with administrative steps required by law.

First, Petitioners argue that the Summonses should be quashed because they were issued for an invalid purpose. The IRS has claimed that its legitimate purpose is investigating whether Mr. Gangi is a *bona fide* USVI resident. However, Petitioners explain that pursuant to I.R.C. §6501, the applicable three year statute of limitations has expired and, thus, the IRS has no authority to issue the Summonses under I.R.C. §7602 and, therefore, there can be no legitimate purpose because it has no right to pursue any relief in the first place. *Id.* at 8, 12.

Next, Petitioners argue that the Summonses should be quashed because the documents the IRS seeks from CitiBank and Sovereign Bank are not relevant to a determination of Mr.

3

Gangi's residency or tax liability. Petitioners maintain that the IRS fails to meet the standard set forth by the United States Supreme Court, which requires the IRS to have a "realistic expectation rather than an idle hope that something may be discovered." *Id.* (quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 813 & n.11 (1984)). Petitioners argue that the Affidavit of Agent Moss does nothing to establish relevance and its broad conclusory statements do not satisfy the government's burden. (Pet'rs' Br. at 18). Petitioners note that the IRS appears to be relying on a facts-and-circumstances test for residency as set forth in *Sochurek v. Commissioner*, 300 F.2d 34 (7th Cir. 1062), and argue that these factors are not applicable since *Sochurek* examined 26 U.S.C. § 911 and not 26 U.S.C.§ 871, § 932. *Id.* at 15. Nonetheless, Petitioners argue that even if the *Sochurek* facts-and-circumstances test was applicable none of the information or documents that could be obtained from CitiBank and Sovereign Bank would have any bearing on the *Sochurek* factors:

> (1)  intentions as to residency;
> (2)  establishment of his home in the USVI;
> (3)  participation in social, cultural and community activities and assimilation in USVI;
> (4)  physical presence in the USVI;
> (5)  nature, extent and reasons for any temporary absences from the USVI;
> (6-8) assumption of economic burdens and payment of taxes to the USVI and the treatment accorded to his tax status - which has already been established by and through the returns he timely and properly filed with the USVI BIR;
> (9)   marital status and residence of his family;
> (10) nature and duration of employment; or
> (11) subjective good faith in making the USVI his residence

*Id.* at 16.

Finally, Petitioners maintain that the Summonses must be quashed because the IRS failed to comply with the administrative steps required. Petitioners note that the IRS's issuance of a Summons to CitiBank on February 2, 2010 coincided with the commencement of its audits.

4

Petitioners argue that the IRS failed to adhere to I.R.C. § 7602 which provides, in relevant part, that

> an officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such tax payer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." *Id.* at 16.

Therefore, Petitioners argue that the IRS failed to follow the administrative steps required because the IRS did not provide them with any advance notice of its intent to issue Summonses to Sovereign Bank or CitiBank. *Id* at 21.

### C. United States' Arguments Opposing the Petitions to Quash and in Support of the Motion to Enforce

The United States argues that the Summonses issued to CitiBank and Sovereign Bank should be enforced because: (1) the Summonses were issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS followed the required administrative steps. *See United States v. Powell*, 370 U.S. 48 (1964).

The United States argues that the IRS is attempting to determine whether Mr. Gangi is a *bona fide* USVI resident and, if so, whether the source of his income is in fact the USVI. (United States' Opp'n Br. at 5). In response to the Petitioners' statute of limitations argument, the United States argues that the district court rejected the same argument in a case with nearly identical facts and the same counsel. *Id.* (citing *United States v. McHenry*, 552 F.Supp. 2d 571, 574(E.D. Va. 2008)) ("[The] three-year statute of limitations...plainly applies only to assessment, not to summons or other investigatory procedure.") *Id*. The United States also argues that the statute of limitations for assessment contains exceptions for false returns, willful attempts to evade tax, and

the failure to file a return, all of which may apply if the petitioner was not a *bona fide* resident of the USVI. 26 U.S.C. § 6501(c)(1)-(3) (United States' Reply Br. at 2).  Therefore, the United States further argues, if Mr. Gangi was required to file a United States tax return for the years in question (2000-2004), the statute of limitations has not expired for these years because Mr. Gangi did not file a United States tax return for any of those years. (United States' Opp'n Br. at 11).

Next, the United States argues that the summoned documents may be relevant to determine Mr. Gangi's residency and source of income.  The United States notes that I.R.C. § 7602 authorizes the IRS to examine "any books, papers, records, or other data which may be relevant or material."  The United States believes that wire transfer and asset shifting patterns between Mr. Gangi's accounts in the USVI and the United States may be relevant to determining whether Mr. Gangi is a *bona fide* USVI resident. *Id.*  Moreover, the government argues even if Mr. Gangi was a *bona fide* USVI resident the IRS still has the authority to investigate Mr. Gangi's sources of income and residency. *Id.* at 12.

Lastly, the United States argues that the IRS complied with the requisite administrative procedures in its issuance of the Summonses to CitiBank and Sovereign Bank. The United States notes that the government has submitted a declaration by Agent Moss which establishes that the administrative requirements have been met.  (United States' Reply Br. at 3).  The United States relies upon *United States v. Gertner*, which states that even a "conclusory" declaration that "contains the bare boned allegations needed for the government's prima facie showing" is sufficient to satisfy the government's burden." 65 F.3d 963, 968 (1st Cir. 1995). Furthermore, the United States argues that enforcement of the Summonses will not result in any  abuse of the

court's process and explains "that courts have routinely recognized that the IRS may procure records from various parties, and may issue summonses for documents, such as bank records, to banks and other third party record keepers, even when the Service has already received the same records form the taxpayers." (United States' Opp'n Br. at 12) (citing *United States v. Mollison*, 481 F.3d 119, 124 (2nd Cir. 2007)).

### III. DISCUSSION

#### A. Legal Standard

I.R.C. § 7602(a) authorizes the IRS to "examine any books, papers, records, or other data" that will assist it in "ascertaining the correctness of any return . . . determining the liability of any person for any internal revenue tax . . . or collecting any such liability." When a taxpayer challenges an IRS summons issued pursuant to I.R.C. § 7602, the IRS must show that the case has not been referred by the Justice Department for criminal proceedings and that the summons was issued in good faith. *United States v. Gertner*, 65 F.3d 963, 966 (1st Cir. 1995). To obtain enforcement of a summons, the IRS must demonstrate that the following substantive requirements are satisfied: (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to that purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the proper administrative procedures have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *La Mura v. United States*, 765 F.2d 974, 979-980 (11th Cir. 1985) (citations omitted). Thereafter, the burden shifts to the party contesting the enforcement of the summons to disprove one of the four substantive elements of the *Powell* test or demonstrate

to the Court that enforcement of the Summonses would constitute an abuse of the court's process.  *Id*. at 979 (citing *Powell*, 379 U.S. at 58).

The *Powell* elements disputed here are whether the IRS' investigation was conducted pursuant to a legitimate purpose, whether the inquiry is relevant to that purpose and whether the proper administrative procedures have been followed.  The Court finds that the Summonses were issued for a legitimate purpose, specifically, to determine whether Mr. Gangi is a *bona fide* resident of the USVI.  The Court also finds that the statute of limitations for assessment contains exceptions for false returns, willful attempts to evade tax, and the failure to file a return, all of which may apply if the Mr. Gangi was not a *bona fide* resident of the USVI.  The Court further finds that because Mr. Gangi did not file a U.S. tax return for the years in question the statute of limitations has not expired.  Therefore, the Court is satisfied that the Summonses served upon Sovereign Bank and Citibank were issued for a legitimate purpose.

The Court also finds that the information sought is relevant to the IRS' legitimate purpose, as the Summonses seek various bank records, which evidence wire transfers and asset shifting patterns between Mr. Gangi's accounts in the USVI and the United States.  The Court further finds that such requests are based on a "realistic expectation rather than an idle hope that something may be discovered."  *United States v. Arthur Young & Co.*, 465 U.S. 805, 813 n.11 (1984).  The Court notes that the parties do not dispute that the information sought by the two Summonses is not already within the Commissioner's possession and, therefore, moves to the fourth factor articulated in *Powell*.  The Court is satisfied by Agent Moss' declaration that the IRS followed the administrative procedures regarding the Summonses at issue, despite Petitioners' arguments to the contrary.

## IV. CONCLUSION

For the reasons stated herein, the Petitions to Quash [dkt. entry nos. 1 & 5] are denied, and the Motion to Enforce [dkt. entry no. 4] is granted. An appropriate Order accompanies this Memorandum Opinion.


Dated: August 25, 2010.

                                              *s/ Douglas E. Arpert*
                                              **DOUGLAS E. ARPERT**
                                              **United States Magistrate Judge**